United States District Court
Southern District of Texas
**ENTERED**
August 05, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RONNIE RAY BROOKS, | § | |
| TDCJ #01927669, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. H-21-0321 |
| v. | § | |
| | § | |
| STATE OF TEXAS, et al., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff, Ronnie Ray Brooks (TDCJ #01927669), submitted a handwritten pleading entitled "Tort Civil Law Suit," which was construed as a complaint for civil rights violations ("Complaint") (Docket Entry No. 1). At the court's request Brooks has filed his claims on an approved form by submitting a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 ("Amended Complaint") (Docket Entry No. 8). Brooks proceeds pro se and he has not paid the filing fee. Instead, he has submitted a letter asking the court to withdraw the filing fee from his inmate trust fund account, which is construed as a request for leave to proceed in forma pauperis (Docket Entry No. 9).

Because Brooks is incarcerated, the court is required to scrutinize his claims and dismiss the case if it determines that the Complaint "is frivolous, malicious, or fails to state a claim

upon which relief may be granted[,]" or "seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B).  After considering all of the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

## I.  Background

Brooks is presently incarcerated by the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") at the Huntsville Walls Unit.[1]  Public records confirm that Brooks is confined in TDCJ as the result of a 2014 conviction from Montgomery County for violating a civil commitment order.[2]  Those records show that Brooks has at least two other previous convictions from Bexar County for sexual assault in 2005 and aggravated rape in 1979.[3]

Brooks takes issue with a civil commitment order entered against him in the 435th District Court for Montgomery County in 2013,[4] after a jury determined that he was a "sexually violent

---

[1]Amended Complaint, Docket Entry No. 8, p. 3.  For purposes of identification, all page numbers refer to the pagination imprinted by the court's electronic case filing system, ECF.

[2]See  Texas  Department  of  Criminal  Justice  Offender Information,  located  at:  http://offender.tdcj.texas.gov  (last visited July 29, 2021).

[3]See id.

[4]See Complaint, Docket Entry No. 1, p. 3; Amended Complaint, Docket Entry No. 8, p. 5.

-2-

predator."[5]  Brooks claims that he has been wrongfully "locked up" for many years as a result of this civil commitment order, which was entered against him in violation of his constitutional rights.[6]

Invoking 42 U.S.C. § 1983, Brooks sues the following attorneys who were involved in his 2013 civil commitment proceedings and his subsequent criminal prosecution in 2014:   (1) Brett W. Ligon; (2) Robert Bartlett; (3) Ronald Chin; (4) Huey Carter; (5) Cynthia Montemayor; (6) Kenneth Nash; (7) Jennifer J. Furrow; (8) Britt Lindsey; and (9) Melinda M. Fletcher.[7]  Arguing that he is confined in violation of his constitutional rights, Brooks seeks release from custody and monetary damages for every year that he has been imprisoned since 1979.[8]

---

[5]In re Commitment of Ronnie Ray Brooks, No. 09-13-00357-CV, 2014 WL 989700, at *1 (Tex. App. — Beaumont March 13, 2014, no pet.) (affirming the judgment).  According to exhibits provided by Brooks, his civil commitment order is reviewed on a biennial basis. See Letter dated July 7, 2020, from Francis Mwangi, Texas Board of Criminal Justice State Counsel for Offenders, Docket Entry No. 8, p. 14; Amended Order of Civil Commitment dated February 12, 2019, Docket Entry No. 8, pp. 17-18.

[6]See Complaint, Docket Entry No. 1, pp. 2-3; Amended Complaint, Docket Entry No. 8, p. 5.

[7]See Complaint, Docket Entry No. 1, p. 4; Amended Complaint, Docket Entry No. 8, pp. 3-4.  Although it is not clear from the pleadings, some of the defendants appear to have been employed by the Montgomery County District Attorneys Office or a Special Prosecutions Unit, while others are employed by the Texas Board of Criminal Justice State Counsel for Offenders, which represented Brooks during some portion of his civil commitment proceedings.

[8]See Complaint, Docket Entry No. 1, p. 4.

## II.  Discussion

Brooks sues the defendants in this case under 42 U.S.C. § 1983 for wrongful conviction and imprisonment stemming from a civil commitment order that was entered against him in 2013.  To the extent that Brooks takes issue with the defendants' involvement in civil commitment proceedings that took place in 2013, his claims are barred by the two-year statute of limitations that governs civil rights claims under § 1983.[9]  See Piotrowski v. City of Houston, 237 F.3d 567, 576 n.10 (5th Cir. 2001) (citing Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a)); see also Redburn v. City of Victoria, 898 F.3d 486, 496 (5th Cir. 2018).

Brooks cannot otherwise challenge the validity of a state court judgment of civil commitment in federal court because such challenges are prohibited by the Rooker-Feldman doctrine.  See Rooker v. Fidelity Trust Co., 44 S. Ct. 149 (1923); District of Columbia Court of Appeals v. Feldman, 103 S. Ct. 1303 (1983); see also Exxon Mobil Corp. v. Saudi Basic Industries Corp., 125 S. Ct. 1517, 1521-22 (2005) (noting that he Rooker-Feldman doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the

---

[9]Even if his claims were not untimely, Brooks does not allege specific facts establishing personal involvement by any of the defendants in a constitutional violation, which is an essential element of a civil rights cause of action.  See Murphy v. Kellar, 950 F.2d 290, 292 (5th Cir. 1992) (a plaintiff bringing a § 1983 action must "specify the personal involvement of each defendant").

district court proceedings commenced and inviting district court review and rejection of those judgments"); Brown v. Taylor, 677 F. App'x 924, 927 (5th Cir. Jan. 31, 2017) (observing that Rooker-Feldman bars a claim requiring the court to review and reject a state court's order of civil commitment or claims that are "inextricably intertwined" with the state court's judgment where direct review of that judgment is invited). Under this doctrine, "federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts." Weekly v. Morrow, 204 F.3d 613, 615 (5th Cir. 2000) (internal quotations and footnotes omitted). Accordingly, Brooks's challenge to the validity of the state court civil commitment order entered against him must be dismissed as frivolous. See Kastner v. Texas Bd. of Law Examiners, 408 F. App'x 777, 779, 2010 WL 4347914 (5th Cir. 2010) (per curiam) (concluding that the district court was correct to dismiss a complaint barred by the Rooker/Feldman doctrine as frivolous); Gant v. Texas, 123 F. App'x 622, 2005 WL 419505 (5th Cir. 2005) (per curiam) (same).

Brooks also cannot pursue relief under § 1983 from his confinement in state prison as the result of his 2014 conviction from Montgomery County for violating the civil commitment order that was entered against him. A prisoner cannot pursue injunctive relief in the form of release from prison in a suit under § 1983 because such claims are only actionable under the federal habeas

corpus statutes. <u>See Preiser v. Rodriguez,</u> 93 S. Ct. 1827, 1841 (1973) (holding that the writ of habeas corpus provides the sole remedy for prisoners who challenge the "fact or duration" of their confinement and seek "immediate release or a speedier release from that imprisonment").

Likewise, a prisoner cannot recover monetary damages based on allegations of "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," without first proving that the challenged conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." <u>Heck v. Humphrey,</u> 114 S. Ct. 2364, 2372 (1994).[10] Brooks remains incarcerated and he does not allege or show that his underlying conviction for violating the civil commitment order has been set aside. Because it is evident that Brooks's underlying conviction has not been set aside or invalidated, any civil rights claims associated with his criminal

_____

[10]The Fifth Circuit has not extended the rule in <u>Heck</u> to attacks on the validity of civil commitment orders, although it appears that two other circuits have done so. <u>See Smith v. Hood,</u> 900 F.3d 180, 185 (5th Cir. 2018); <u>Black v. Turner,</u> 779 F. App'x 231, 233 (5th Cir. 2019) (per curiam). Because the court has concluded that Brooks's challenge to the validity of his civil commitment order is precluded by the <u>Rooker-Feldman</u> doctrine, it does not address whether his claims concerning that proceeding are also barred by the rule in <u>Heck.</u>

conviction and sentence are not cognizable under 42 U.S.C. § 1983. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by Heck are "dismissed with prejudice to their being asserted again unt  the Heck conditions are met"). Accordingly, this case will be dismissed with prejudice as legally frivolous and for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

### III.  Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1.    The Amended Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 filed by Ronnie Ray Brooks (Docket Entry No. 8) is **DISMISSED WITH PREJUDICE**.

2.    The dismissal will count as a strike for purposes of 28 U.S.C. § 1915(g).

3.    Brooks's request for leave to proceed _in forma pauperis_ (Docket Entry No. 9) is **GRANTED**.

4.    The TDCJ Inmate Trust Fund is **ORDERED** to deduct funds from the inmate trust account of Ronnie Ray Brooks (TDCJ #1927669) and forward them to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b), until the entire filing fee for indigent litigants ($350.00) has been paid.

**The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff. The Clerk will also send a copy of this Memorandum Opinion and Order to (1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711; (2) the Inmate Trust Fund, P.O. Box 629, Huntsville,**

Texas 77342-0629, by e-mail at ctfcourt.collections@tdcj.texas.gov;

and (3) the Manager of the Three Strikes List at

Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas, on this the 5th day of August, 2021.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE